**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ABOUBACRY BA,

      Plaintiff/Petitioner,                        Case No. 09-14645
                                                              Hon. Gerald E. Rosen

vs.

ERIC HOLDER, *et al.,*

      Defendants/Respondents.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER OR
PRELIMINARY INJUNCTION, VACATING STAY OF REMOVAL AND
ORDER TO APPEAR, AND DISMISSING CASE FOR LACK OF JURISDICTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     December 24, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

On November 30, 2009, Plaintiff Aboubacry Ba filed a complaint for declaratory and injunctive relief, alleging that the Defendant federal immigration officials improperly denied his application to adjust status, and seeking to enjoin the execution of an order for his removal from the United States. Accompanying Plaintiff's complaint was a motion for a temporary restraining order and/or preliminary injunction, through which Plaintiff seeks a stay of removal pending the Court's resolution of his underlying claims for relief.[1]

---

[1] The Court notes that neither Plaintiff's motion nor his underlying complaint complies with the formatting requirements of Local Rule 5.1(a) of this District. Most notably, neither of these submissions is double-spaced. Moreover, the "brief" in support of Plaintiff's motion

By order dated November 30, 2009, the Court directed Defendants to respond to Plaintiff's motion, ordered the parties to appear before the Court for a December 21, 2009 hearing, and temporarily stayed Plaintiff's removal until further order of the Court.

In accordance with the Court's order, Defendants have now responded to Plaintiff's motion, arguing that this suit must be dismissed for lack of subject matter jurisdiction. Plaintiff, in turn, has filed a reply brief in further support of his motion.[2] Having reviewed Plaintiff's complaint and motion, Defendants' response, Plaintiff's reply, and the remainder of the materials in the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide this matter "on the briefs." *See* Local Rule 7.1(e)(2), United States District Court, Eastern District of Michigan. For the reasons set forth below, the Court finds that it lacks jurisdiction over this case, and that it must therefore vacate its order staying Plaintiff's removal and dismiss this suit without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following recitation of facts derives largely from the allegations of Plaintiff's complaint, which are accepted as true for present purposes. In December of 2006,

---

consists largely of paragraphs reproduced verbatim from the underlying complaint, without any effort to identify any legal basis or authority for the requested award of preliminary injunctive relief, and without any acknowledgment of the obvious impact of the REAL ID Act of 2005 upon the claims advanced in this case.

[2]The Court notes that this reply was filed after the December 18, 2009 deadline established in the Court's November 30 order.

Plaintiff Aboubacry Ba, a native of Senegal and an Italian citizen, entered the United States under the Visa Waiver Program ("VWP"). Shortly thereafter, in February of 2007, Plaintiff married Darleen Burns, a United States citizen. On March 26, 2007, Plaintiff and his wife filed a Form I-130, Petition for Alien Relative, and a Form I-485, Application to Adjust Status to Permanent Resident. On September 27, 2007, Plaintiff's application for an adjustment of status was denied, on the ground that he purportedly had falsely claimed to be a United States citizen on a voter registration form.

In November of 2007, Plaintiff and his wife filed a second Form I-130 and Form I-485. While the I-130 petition was approved on August 3, 2009, Plaintiff's I-485 application was denied on September 24, 2009, again on the ground that he had falsely claimed United States citizenship. Plaintiff then filed a motion to reopen, but this motion was denied on November 9, 2009.

On November 16, 2009, federal Immigration and Customs Enforcement ("ICE") agents arrested Plaintiff and took him into custody, and he evidently was subsequently served with a November 17, 2009 order of deportation.[3] By its terms, this order rests on the ground that Plaintiff has overstayed his period of admission under the VWP. Through the present complaint and accompanying motion, Plaintiff seeks to prevent his removal from the United States while he seeks further agency or judicial action on his application

---

[3]This order was not included among the exhibits accompanying the parties' initial round of briefing on Plaintiff's motion. Moreover, in the reply brief in support of this motion, Plaintiff's counsel indicated that he had been unsuccessful in his efforts to obtain a copy of the order of removal. The same day this reply brief was filed, however, Defendants filed a copy of the November 17, 2009 order of deportation.

for an adjustment of status.

## II. ANALYSIS

Although Plaintiff seeks to challenge the grounds upon which his application to adjust status has been denied to date — and to stay his removal from the United States while he pursues this challenge — he must establish as a threshold matter that the Court has subject matter jurisdiction over this suit. In their response to Plaintiff's motion for a temporary restraining order or preliminary injunction, Defendants argue that this jurisdiction is lacking. The Court agrees.

As this Court recently explained, "[t]he REAL ID Act of 2005, codified at 8 U.S.C. § 1252, *et seq.,* significantly narrowed the scope of judicial review [of] removal orders in immigration cases and essentially stripped district courts of jurisdiction over such cases." *Benitez v. Dedvukaj,* No. 09-13386, __ F. Supp.2d ___, 2009 WL 2905556, at *1 (E.D. Mich. Sept. 4, 2009). In particular, section 242 of the Immigration and Nationality Act ("INA") was amended to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in [a subsection that is not applicable here]." 8 U.S.C. § 1252(a)(5). Another subsection of this statute was amended to provide that except for the jurisdiction expressly conferred upon the courts of appeals, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders

against any alien under this chapter." 8 U.S.C. § 1252(g). Accordingly, to the extent that Plaintiff seeks in this suit to challenge the order for his removal, it is clear that the REAL ID Act "stripped this Court of its jurisdiction" to entertain such a challenge, and that "[e]xclusive jurisdiction lies in the Sixth Circuit Court of Appeals." *Benitez,* 2009 WL 2905556, at *3.

In an apparent effort to avoid this clear and statutorily mandated outcome, Plaintiff seems to suggest in his motion and underlying complaint that he is not challenging a removal order, but instead is asserting a due process or equal protection claim. So far as may be discerned from his submissions to the Court, Plaintiff evidently argues that the denial of his application to adjust status was groundless, that either immigration officials or this Court will surely recognize this, and that it would violate his constitutional rights to due process and equal protection to permit the removal order to be executed before agency officials or this Court can fully consider and act upon his purportedly meritorious challenge.

Yet, as this Court recognized in *Benitez,* the jurisdiction-stripping effect of the REAL ID amendments "applies both to direct and indirect challenges to an alien's removal order." *Benitez,* 2009 WL 2905556, at *3. In that case, as here, the plaintiff was ordered removed on the ground that he had overstayed his period of admission under the VWP, but he asked the Court "to compel the adjudication of his adjustment of status and to order that his removal be stayed pending a decision on his application for adjustment." 2009 WL 2905556, at *2. While the plaintiff argued that he was pursuing a due process

5

claim arising from his application for an adjustment of status, rather than a challenge to the order for removal, this Court held that he could not "circumvent the REAL ID Act's review provisions and express limitation of district court jurisdiction by claiming that he is pursuing in this court a due process claim that is somehow distinct from his removal order." 2009 WL 2905556, at *3; *see also Novas v. Immigration & Customs Enforcement,* No. 07-2218, 303 F. App'x 115, 118 (3d Cir. Dec. 18, 2008). Likewise, Plaintiff's claims in this case are primarily, if not exclusively, a vehicle through which he seeks to forestall his removal while he pursues an adjustment of status. As explained in *Benitez,* this Court lacks jurisdiction to entertain even this sort of indirect challenge to an order of removal.

Indeed, events subsequent to the filing of this suit make it still more clear that the only relief presently sought by Plaintiff is a stay of the order for his removal. In the reply brief in support of his motion, Plaintiff indicates that the United States Citizenship and Immigration Services ("USCIS") decided on December 8, 2009 to reopen his I-485 application to adjust status. As a result, Plaintiff's application remains pending, and the USCIS has yet to take final action on Plaintiff's request for an adjustment of status. This seemingly defeats Plaintiff's appeal to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.,* as a basis for this Court's jurisdiction, because Plaintiff cannot claim to have "suffer[ed] legal wrong" or been "aggrieved by," 5 U.S.C. § 702, an agency decision that may yet prove to be favorable. Consequently, even assuming this Court might have jurisdiction under the APA to review an unfavorable decision on an

6

application to adjust status — a question the Court need not and does not decide — such a claim is not yet ripe for consideration in this case.  Rather, the only relief that the Court could possibly grant at the present juncture would be a stay of the removal order.[4]  As explained, there is no jurisdictional basis for this Court to review or provide relief from the order for Plaintiff's removal.  It follows that Plaintiff's motion must be denied, and that this case must be dismissed for lack of subject matter jurisdiction.[5]

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 30, 2009 motion for a temporary restraining order and/or preliminary injunction (docket #2)

---

[4]In his reply brief, Plaintiff suggests that he is entitled to an administrative stay of removal while his application to adjust status remains pending.  This, of course, is a matter for the USCIS to determine, and this Court expresses no view as to whether Plaintiff is entitled to an administrative stay of removal under the regulation he cites, 8 C.F.R. § 1245.13, or any other regulation or statute.

[5]Apart from arguing that this Court lacks jurisdiction under the REAL ID Act amendments to section 242 of the INA, Defendants further contend that Plaintiff has no right of review by *any* court — including the Court of Appeals — in light of the "reciprocal waiver" requirement imposed upon participants in the VWP. (*See* Defendants' Response Br. at 5-6 (citing *Lacey v. Gonzales,* 499 F.3d 514, 518-19 (6th Cir. 2007)).)  In light of the Court's determination that it lacks jurisdiction over the claims asserted in this case, it need not consider whether relief might be available to Plaintiff in some other judicial forum.

is DENIED.  Next, in light of the Court's conclusion that it lacks subject matter jurisdiction over this action,  IT IS FURTHER ORDERED that the Court's November 30, 2009 order directing the parties to appear for a December 21, 2009 hearing and temporarily staying Plaintiff's removal is VACATED.

                                     s/Gerald E. Rosen
                                     Chief Judge, United States District Court

Dated:  December 24, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 24, 2009, by electronic and/or ordinary mail.

                                     s/Ruth Brissaud
                                     Case Manager